The Veterans Court erred by dismissing Mr. Hepler's appeal as moot because he was prejudiced by a Board of Veterans' Appeals error that, had the Veterans Court adjudicated and remedied, would have been potentially entitled to substantial pass-through disability compensation. Can I ask just a basic factual question? So, you had the Board, April 2023, ruling that said you meet the condition under PACT with a minimum 10% disability. Then the next thing that happens, if I remember right, is there's some kind of VA level, I forget what it's called, on July 20th, and it says we're going to start at 0%. And then the next day you file your appeal to the Veterans Court from the Board decision. There comes, I think, a little bit later, some decision of the money flowing at some rate for some time? And if so, when and what? It's an interesting question, Your Honor. So, initially, when the RO, the regional office, implemented the Board's grant under the PACT Act in July of 2023, it assigned a 0% rating for hypertension. And that 0% rating persisted until February 2025, when the RO went back and, on its own, to respond. They looked at the Board's decision and said, oh, wait, the Board granted a 10% rating, so it was clear and unmistakable error for us to only assign a 0% rating. And at that point, in February 2025, assigned him the 10% rating, going again back to the effective date of August 10th, 2022. Now, why that's important... And did you get the back pay amount? No. Well, Your Honor, the entire crux of our appeal is that the effective date of August 10th... I understand that. I'm just trying to get the stuff that's not part of the main issue clear in my mind. In February of 2025, did you get the money representing the value of 10% back to August 10th, 2022? Yes. As far as I know, at that point, VA did implement the 10% rating effective August 2022. Now, I haven't specifically conferred with Mr. Huppert that he's been being paid at that level. But yes, as far as I know, the 10% was implemented. Okay. Now, what's happened to that February 2025 decision? Nothing, Your Honor, because again, that was just the RO on its own to a... Have you appealed that to the board on the ground that the effective date should be somewhere in 2011 instead of August 10th, 2022? To our knowledge, Mr. Huppert has not appealed that RO decision that was enacted in February 2025. And the appeal time, do I understand right, ran in November of 2025? No. Well, if we're... From the February... Yeah, one year from the February 22nd. So up until February 20th, 26th would have been the appeal window for that. Now, again, just to make clear, our power of attorney to represent Mr. Huppert was only as to the appeal of the July 2023 board decision. So we have pursued that appeal all the way up to this court now for three years. One of the reasons that I'm asking is that part of what the Veterans Court itself said and maybe the board too, I don't remember, was that you're getting ahead of yourself. Put aside for a moment the language of mootness, which I think probably does raise some issue, but the idea was you still have an opportunity to press your argument that the right effective date is 2011, not 2022. And we don't really view that issue as properly before us. And that depends on you're actually having an opportunity to address it, whether you call it remand or anything else. So if you had that opportunity leading up to February 2025 and you got a negative decision, isn't that the right way, I'm speaking very informally now, the right way to now get the issue in front of the board? Well, thank you, Your Honor, for bringing that up. That gets us to the crux of this entire appeal, which is that, no, Your Honor, by pursuing a challenge of the effective date assigned in July 2023 or November 2024 or February 2025, none of those would have been able to actually obtain an effective date earlier than August 2022. Because the key moment in time in this appeal is July 2023, when the board granted service connection for hypertension and said, we are granting this based on the PACT Act. And as we've tried to make clear, the PACT Act is a liberalizing law. And according to the statute, 38 U.S.C. 5110G and B is regulation 38 CFR 3.114A, once service connection is granted for a disability based on a liberalizing law, the effective date can be no earlier than the enactment of that agreement. But my understanding of the board decision that's in the chain that we're reviewing here is that it said that we're remanding to see whether direct service connection would give you an earlier effective date. Now, for some reason that's not clear to me, the RO didn't interpret the board decision that way. So, if I understand what you're asking us to do is to say, that issue did not become moot. The effective date issue did not become moot as a result of the award of compensation under the PACT Act, but needed to be considered on the remand. You're not objecting to the remand, you're just objecting to the scope of the remand, right? Well, Your Honor, actually, our position that we presented to the Veterans Court is that what the board did here was not a remand of the question of direct service connection. For a frame of reference, we... But let's assume, I understand that there's a question of what the board decision meant. Let's say we say that the board decision meant that there was a remand to consider the effective date based on direct service connection. And does that solve your problem if we said that? I don't think so, Your Honor. If the board had explicitly said we are remanding the issue of service connection on a basis... I'm saying we interpret it as a remand to consider effective date based on direct service connection. And we think that's the way it should have been interpreted, that's the way the board decision should have been interpreted by the Veterans Court. Yes, Your Honor. That is the way that it should have been phrased and interpreted by the board and by the Veterans Court. But unfortunately, what happened in this case is that the key language, if I could point the court, draw the court's attention to the appendix at page 7, is the second full paragraph there where the board says, the board also notes that entitlement to service connection for hypertension is being granted on a presumptive basis under the PACT Act. So very clearly, the board is saying we're granting this based on the PACT Act. The board then informs the RO that evidence of record provides some indication that a relationship between the veteran's hypertension and service may exist on a direct basis. Now, if the board had just stopped there, perhaps at that point it could be construed as some kind of bifurcation remand. You're not accepting the premise of my question. I'm saying we resolve the potential ambiguity in the board decision and say we read that board decision as requiring a remand to consider effective date based on direct service connection. That's the way it should be interpreted. Yes, Your Honor. Does that not solve your problem if we say that? Because then the later RO decisions are inconsistent with that interpretation. Yes, Your Honor. So I apologize if I was misunderstanding the premise of your question. But yes, if this court were to explicitly say that what the board did here was a bifurcation and therefore a bifurcation of the issue of service connection on the basis other than the PACT Act, direct service connection specifically, and then the RO failed to engage with that properly such that it's still a live issue and the RO needs to do that, obviously that would be a remedy in this situation. We might have to do something about the lack of clarity in the board's language, even if we think that this is pretty much how it ought to have been read. I'm not sure that the Veterans Court read it that way. And one reason I started the question about what happened since is you may have missed your appeal time for the decision on remand. Yes, Your Honor. So if I'm understanding Judge Dyke's position, though, if he would be saying that from ex ante, from the moment of the board's decision, the RO itself misinterpreted what the board had done and therefore as a result of this appeal, the RO had to issue a new decision that explicitly adjudicated the question of service connection on the basis under the PACT Act. And obviously at that point, if the RO continued to assign an effective date no earlier than August 10, 2022, then Mr. Appler would have the ability to appeal that. Our point in these proceedings was simply that the case is not moot as it stands right now. The Veterans Court had erred by finding the appeal was moot because the way that the board's decision was signed. So a later event like a now final because unappealed ruling on the question could moot this, could it not? Yes. If a subsequent RO or board decision granted an effective date... Why wasn't the February 2025 decision such a decision? No, Your Honor. Again, because that February 2025 decision was downstream from the board's grant based on the PACT Act. That decision would be subject to being set aside on Q grants if we said the correct interpretation of the board's decision is that there was a remand because that decision from 2023, whatever it was, assumed the contrary. That would be reopened on the basis of Q, right? Even after the appeal time had run. Yes, Your Honor. I guess I would just raise the concern that if we were going to go down that path of compelling an entirely new adjudication based on Q, I mean, Mr. Hepler, as we know, has been appealing this issue already since 2011 and the entirety of his claim was based on direct service connection. He filed his claim in 2011 long before the PACT Act was enacted, long before... It wasn't even based on herbicide exposure in his claim initially. Could I just... Let's get back to or get to just the heart of what the Veterans Court said and tell me why it's wrong. The Veterans Court, as I understand it, said a determination that hypertension was connected to service based on the PACT presumption moots the question, and I'm avoiding this weird language of granting service connection because it's not statutory language and it's unhelpful. It moots the question of whether hypertension was, in fact, caused by the service. Tell me why that's an incorrect proposition, which I must say I find it dubious, but I want to hear the argument. Yes, Your Honor. Because the Veterans Court failed to recognize, as did the Board, that once the grant was made by the Board, the Superior Tribunal based on the PACT Act, that necessarily limited any downstream assignment of effective date. Whereas, as I just said, Mr. Hepler had prosecuted his appeal from the beginning based on an entirely different theory, that his hypertension was related directly to service based on increasing stress levels that he experienced. And if the VA or the Board had adjudicated that theory, then his potential effective date would be much earlier, August 2011. So, since there's that much greater period... So, the consequence, that the second issue is not mooted because there is something that is non-speculatively consequential about deciding the second question. Yes, very much so, Your Honor. Okay, I'm just trying to keep this within the bounds of the simple notion of mootness. Yes, exactly, Your Honor. The answer to the question matters. It does indeed matter very much. I see that I'm in my rebuttal time, unless there are further questions I would ask to reserve my time. Okay. Thank you, Your Honor. Mr. Tellers. Good morning. May it please the Court. The Court should dismiss this appeal because Mr. Hepler lacks standing. The Board of Veterans... Lacks standing? Lacks standing. He has not been injured by the Veterans Court decision on appeal, nor was he injured by the Board of Veterans Affairs decision, which granted service connection and did not limit the effective date of his benefits. That was a favorable decision that was not adverse to him. The Board's express language made clear that it was not limiting the regional office's ability to assign the effective date in any way. The Board expressly informed the regional office that the evidence of record provides some indication of a relationship between the veteran's hypertension and service connection that may exist on a direct basis. Okay. But it seems to me that either the Veterans Court should have said that the Board adopted the construction that I was arguing for earlier, or that it made an error in not addressing direct service connection. Those are the two alternatives. I just don't see how it's moved. Well, I think the Veterans Court's description of the Board's decision made clear that it did not injure Mr. Hepler because it describes the Board's grant of service connection as a favorable decision and recognized... Is your reading that the Board decision left open the effective date based on direct service connection? Yes, it is. Okay. So why didn't Veterans Court say that? I think perhaps because it felt that service connection once... That's because later on, the RO read it differently, right? Well, let me... I disagree with that. No, no. I think the RO read it correctly and considered the potential for direct service connection. So if you look at the... What RO document are you now talking about? I'm looking at two of them, but I'll just take them first. The Appendix 186, this is the July 2023 decision. So I'll talk about this one first. This was the initial decision that went back to the regional office after the Board decision, and then there was a higher level review. So I'll talk about that one second. Right. So just looking at the first... 186. Right. The Board made its decision in April of 2023, this Decision Review Operations Center. Do we just call that the RO? I do. Okay. So the RO says that the next day, they appeal, they file their notice of appeal to the Veterans Court. This is all well before the Veterans Court makes its decision. Obviously. I mean, Veterans Court's not until... Right. Okay. So then you go to Appendix 188, where you have the Decision Review Officer decision. So this was in November of 2024. This was after the Veterans Court decision. And if you look at what the regional office did after the Veterans Court decision, on page 189, it describes the law. Just to be clear, 188, the opening paragraph has an incorrect date on it, right? It says July 31st, 2024. It means July 31st, 2023. I'm looking at Appendix 188. Yeah. The date I see at the top of there is November 9th, 2024. Go five lines below that. I'm not sure... Oh, maybe the request for higher level review wasn't until after the Veterans Court decision. I think what happened here, Your Honor, is the board issued its decision. The case went back down to the regional office to determine the effective date while the appeal was pending with the Veterans Court. And that's what this is. Right. Right. But the problem that you have with this is that it's rejecting direct service connection based on the effective date of the PAC Act, which makes no sense. But if I may, I think the regional office in this decision that we're looking at on Appendix 188 did consider the potential for direct service connection consistent with the direction that was given to it by the board. So if you look at page 189, where the regional office here expressly describes the law relative to the effective date for grants of service connection, the day following separation from active service, or the date the entitlement arose if the claims received within one year after separation, it didn't... It just believed that the presumptive service connection was the only basis for establishing the effective date. It would not have needed to describe the potential for direct service connection, describe the law on that. And then you go down to look at the very last sentence on 189. The effective date is the date of the law change, which would be presumptive service connection, because no other avenue of service connection is warranted before that date. And then if you look at the top of page 190, as the rating decision dated July 20th, 2023, granted the earliest effective date possible, entitlement to an earlier effective date of service connection for hypertension is denied. Okay, but you're reading that differently than I would. I mean, I read this as saying because of the PACT Act, you can't get anything before the date of enactment of the PACT Act. I think... Well, we just have perhaps have a different view of how this was interpreted. I think that the reference to the law related to direct service connection and considering other avenues beyond presumptive service connection, to me that suggests that the regional office did consider the possibility of direct service connection. What were the papers like that led to this November 9th, 2024 decision? So there's a reference here. We received your request for a higher level review of July 31st, 2024. Did that request say, by the way, you haven't actually reviewed and made a decision about the evidence for so-called direct basis? Well, I'm not sure what papers were submitted. I do know that the board's direction to the regional office did talk about that there does appear to be evidence of direct service connection and to consider that evidence when deciding effective dates. Right, but I mean, when deciding effective... I mean, that's the problem. If you do everything under the heading of effective date, it sure sounds like you're talking about the effective date of benefits based on the determination of service connection, the only one that has been made. It doesn't sound like an instruction to consider a different basis for the threshold service connection determination. This really ought to be incredibly clear about how to proceed here. It's ridiculous that there's fighting about this process. I thought the board's language on Appendix 7 was quite clear about what evidence to consider when assigning effective dates, where the board informs... This is all expressed. The board informs... Why would you put it under the heading of assigning effective dates? Well, I think... Wouldn't as a logical matter, the way that these proceedings... My understanding, you'll correct me if I'm wrong, is that there's a decision about service connection, and then you decide if there is a disability for the injury that is determined to be connected to service. You're then on to the next question of effective date, but don't you take the answer to that first part as a given, instead of asking about a different question for whether it was service connected, that is really service connected as opposed to presumptively? Well, I understand the confusion there. I think historically, service connection has been considered as a necessary element of a claim for benefits before you get down to the downstream issues. Statute requires it. Right. Before you get down to the disability rating and the effective date. But that service connection can be established through different theories, the presumptive service connection theory and the direct service connection theory. But under either theory, once you have service connection, you have it, and you've met that element, and then the analysis flows downstream to the effective date and the rating decision. So I think historically, it's been considered as an element that's met under either theory, and that's perhaps why the board viewed it that way and wanted effective dates to be considered as a downstream issue. The board didn't deny service connection on a direct basis. I don't think there's any way to read this opinion to say that there's no basis for direct service connection. But you do read these couple of sentences in the 189 and top of 190 as finally denying service connection on a direct basis. I do. Yes. And I think that's what happened. And just to go back to the... It's not up to us at this point to interpret this 2024 RO decision. But the problem is, it seems to me that the Veterans Court decision saying the case was moot is just wrong. Either they should have said, we affirm the remand to consider direct service connection, or they should have said you needed to remand to consider direct service connection, and they didn't do either one of those things. I think that's the reason for that is similar to my discussion with Judge Toronto about how service connection has been viewed as an issue that can be satisfied through different theories. And once it's satisfied under either theory, direct or presumptive, that issue becomes moot. That issue has been resolved. And now it's a downstream issues of effective date. No, it hasn't been. That's not true. If it's presumptive, you've limited your effective date. That's true if the only basis is presumptive. But if you still have the possibility to show that there's been a direct service connected injury, you can be entitled to an effective date beyond what you've been entitled to by the presumptive service connection. And I don't think the board decision limited the regional office's ability to assign an earlier effective date. It did not deny service connection under a direct theory. It did not dismiss that claim. It found presumptive service connection and directed the regional office to consider evidence of direct service connection when assigning effective dates is a downstream issue. And I just wanted to point out that the first regional office decision that I was referring to earlier starting on Appendix 185, this was the July 2023 decision. So this was before the Veterans Court issued its opinion, but after the board. In fact, it was the day before they even filed a notice of appeal. Right. So, and if you look at the top of page 186, this is where in the second full paragraph, this is where the regional office is considering service connection. So service connection may be granted for specific diseases or conditions which are presumed to have been caused by exposure to herbicides. Then it goes on to say, although not shown in service, service connection for hypertension has been granted on the basis of presumption due to herbicide exposure. And the fact that the regional office is talking about whether the injury was shown in service, that goes to whether there was direct service connection, whether the injury arose during service. I don't know what that language means. It may be that it's not revealed in medical records from the time of I think the board's direction was clear to consider the evidence in favor of direct service connection when assigning effective dates. And I think that's what the regional office did both in the initial decision and then the higher level review decision. But you made the point that it was herbicide, but your friend made the point that his original claim was based on stress and his other responsibilities. Where did they ever address that? I don't think they specifically addressed the stress issue. Isn't that the relief that he's requesting? The relief he's requesting is a benefit related to hypertension and the effective date that he wants. Hypertension based on what? I honestly cannot tell you exactly what the original claim was premised on. I have no reason to dispute his recollection of it, but I just don't know. It was not on herbicide. I cannot tell you for sure. You can tell us and we'll follow up. Okay. Well, unless there are further questions, we respectfully ask that the court dismiss the appeal. Can you answer that question? Yes, Your Honor. So yes, the original theory that he formulated in 2011 had nothing to do with herbicide exposure. It was based on increasing stress levels that he experienced as he went up in rank during service. And not just Vietnam, but the later service in Southeast Asia from 2003 to 2005. Since Your Honors were focused on the language in the Board's decision and the subsequent RO decisions, I just wanted to emphasize again, the Board, as I believe my friend acknowledged, that if the Board had granted service connection based on the presumption, then that would definitely foreclose his ability to obtain an earlier effective date. And that is exactly correct. And that is exactly what happened here. The Board, again, on page 7 said, we're granting based on the PACT Act. The RO should consider such evidence when assigning an effective date. But the RO was precluded by law by 5110G and 3.114A from doing that. And if we look at the specific RO decision, again, turning to page 180 or the appendix at 186, that's the July 2023 decision, the RO in the third paragraph said, the effective date cannot precede this date. The RO understood what the Board had done, granted based on the earlier than August 10, 2022. Later in that paragraph, it says, effective date provisions due to a change of law under 38 CFR 3.114 also apply. Because the grant was based on a liberalizing law, then 3.114 says we can go no earlier than August 10, 2022. And even turning to the November 2024 decision, the appendix at page 190, I read the top paragraph when the RO says, we grant the effective date possible as, again, reinforcing that concept is because it was granted based on the liberalizing law of the PACT Act, we've given you August 10, 2022, and we can go no earlier than that. And that's simply incorrect in our opinion. The Board should have adjudicated direct service connection to maximize our client's potential benefits. Thank you, Your Honor. Thank you.